ARTHUR A. SABO, T/A HUNTERDON BOTTLED GAS SERVICE, PLAINTIFF-RESPONDENT, v. VIRGINIA CROOKS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 23, 1961—Decided January 26, 1961.

Before Judges GOLDMANN, FOLEY and DRENK.

Mr. *Alexander J. Menza* argued the cause for appellant (Mr. *Thomas Cantillo,* attorney; Mr. *Menza,* on the brief).

Respondent filed no brief.

PER CURIAM. Defendant appeals from a county district court judgment entered in plaintiff's favor after a trial without a jury. The action was to recover monies allegedly due for propane gas furnished the Crooks home both before and after the death of defendant's husband. Although the fuel delivered during the husband's lifetime was billed to him, plaintiff's action was apparently based on the widow's undertaking to answer for not only her own debt but the debt of her husband.

Defendant's appendix is comprised of the complaint and certain exhibits, as well as a statement of evidence and proceedings prepared by her attorney. *R. R.* 1:6–3. The statement was allegedly served on the trial judge. It does not appear that a copy was served on plaintiff's attorney, or that he filed any objections or proposed amendments thereto, as provided in the rule. The trial judge never approved or disapproved any statement of evidence and proceedings. The result is an appeal presented in a vacuum.

If appeals are to be promptly and effectively prosecuted in cases where there has been no stenographic record at the trial level, counsel and judge must give life to the requirements of *R. R.* 1:6–3. Counsel for the appellant must within ten days prepare and serve on respondent a statement "from the best available sources, including his recollection." Respondent then has ten days to serve objections or proposed amendments. The statement, with the objections or proposed amendments, must then be submitted forthwith to

the trial judge for settlement. The judge must approve or disapprove the statement within ten days after its submission or, as has been done in some cases, prepare and serve his own statement of the proceedings and evidence. The clerk of the trial court then includes the statement, as settled and approved, in the record on appeal.

The rule was fashioned and adopted to facilitate the prompt coming on of appeals. Its requirements, particularly the time schedule, are mandatory. To present an appeal, half-baked, to the Appellate Division as in this case, on the chance (to use counsel's word) that this court will consider and determine the issues, is a waste of judicial time and an imposition upon the court.

The amount of the judgment is relatively small. That, however, is not the gauge. What we have before us indicates that defendant may have a legitimate ground of appeal based on the statute of frauds. *R. S.* 25:1–5. Accordingly, the case will have to be remanded for the preparation and approval of the statement of proceedings and evidence called for by the rule. Such a statement shall be filed with us on or before February 25, 1961. The appeal will be held pending the coming in of the statement.